UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
HERBERT FRANCIS YOUNG,                  )
                                        )
      Plaintiff,                        )
                                        )
      v.                                )   Civil Action No. 08-1603 (PLF)
                                        )
JOHN D. CAULFIELD,                      )
  Warden, Correctional Treatment Facility, )
                                        )
      Defendant.                        )
_____)


## MEMORANDUM OPINION

      This matter is before the Court on petitioner's application for a writ of *habeas corpus*. Petitioner filed suit challenging his pretrial detention. In the time since filing the petition, petitioner has been convicted by a jury in his corresponding criminal case. See United States v. Glover, et al., Criminal No. 07-0153, Jury Verdict, Docket No. 497 (D.D.C. April 20, 2009). Sentencing is scheduled before Judge Hogan on July 24, 2009 at 9:30 a.m. See id. at April 20, 2009 Minute Entry. In light of petitioner's conviction, the Court directed the petitioner to show cause why his petition is not moot. See Young v. Caulfield, Civil Action No. 08-1603, Minute Order (D.D.C. May 22, 2009). Petitioner attempted to do so in his filing of June 19, 2009 in which he states that he has not yet been sentenced and that he has a pending motion for judgment of acquittal. Petitioner argues that he should still be considered a pretrial detainee, and that his petition therefore is not moot. Petitioner also makes numerous allegations as to constitutional deprivations caused by his pretrial detention, including wholesale challenges to the grand jury system.

The Court is unpersuaded by petitioner's arguments. Petitioner's criminal conviction mooted his *habeas* challenge to his pretrial detention. Unlike a pretrial detainee, once a criminal defendant has been convicted, but before he is sentenced, he no longer enjoys a presumption of innocence and there is a statutory presumption that detention is appropriate. Compare 18 U.S.C. § 3143(a)(1) ("the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained. . .") with 18 U.S.C. § 3142. Since petitioner is no longer in pretrial detention, but has been detained as a result of his conviction, his *habeas* challenge to pretrial detention is rendered moot. See Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993); Dettelis v. Palillo, Civil Action No. 04-685A, 2006 U.S. Dist. LEXIS 42983 at *2 (W.D.N.Y. June 26, 2006) (citing Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 279, 299) (2nd Cir. 1973)). The Court therefore will deny the petition for *habeas corpus*. An Order to accompany this Memorandum Opinion will issue this same day.

                                                                        /s/_____
                                                                        PAUL L. FRIEDMAN
                                                                        United States District Judge

DATE: July 2, 2009